MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

MIGUEL NAVARRETE, *individually*
*and on behalf of others similarly situated,*

                         *Plaintiff*,

-against-

JOHN DOE INC. I D/B/A NATURAL DELI,
JASON LIU, and MING DOE,

                         *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Miguel Navarrete ("Plaintiff Navarrete" or "Mr. Navarrete"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against JOHN DOE INC. I D/B/A NATURAL DELI ("Defendant Corporation"), JASON LIU, and MING DOE ("Individual Defendants" and together with Defendant Corporation, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Navarrete is a former employee of Defendants.

2. Defendants own, operate, or control a deli under the name of "Natural Deli", located at 10 E. 23rd St., New York, NY 10010.

3. Upon information and belief, Individual Defendants, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operats or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Navarrete was employed as a counter worker and food preparer.

5. At all times relevant to this Complaint, Plaintiff Navarrete worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Navarrete appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Navarrete the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Navarrete to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Navarrete and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Navarrete now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6

(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Navarrete seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Navarrete's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel shop located in this district. Further, Plaintiff Navarrete was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Miguel Navarrete ("Plaintiff Navarrete" or "Mr. Navarrete") is an adult individual residing in New York County, New York.

15. Plaintiff Navarrete was employed by Defendants at Natural Deli from approximately February 2007 until on or about March 2020.

16. Plaintiff Navarrete consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a deli, located at 10 E. 23rd St., New York, NY 10010.

18. Upon information and belief, John Doe Inc. I (d/b/a Nature Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 E. 23rd St.., New York NY 10010.

19. Defendant Jason Liu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jason Liu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jason Liu possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Navarrete, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Ming Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ming Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Ming Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Navarrete, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

- 5 -

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a deli located in the Flatiron neighborhood of Manhattan.

22. Individual Defendants Jason Liu and Ming Doe, possess operational control over the deli, possess ownership interests in the bagel shop, or control significant functions of the deli.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Navarrete (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Navarrete, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Navarrete (and all similarly situated employees) and are Plaintiff Navarrete's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Navarrete and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Jason Liu operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Navarrete's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Navarrete, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Navarrete's services.

29. In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bagel shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Navarrete is a former employee of Defendants who was employed as a counter worker and food preparer.

32. Plaintiff Navarrete seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Navarrete*

33. Plaintiff Navarrete was employed by Defendants from approximately February 2007 until on or about March 2020.

34. Defendants employed Plaintiff Navarrete as a cleaner, stocker, sandwich maker, coffee maker, and cashier.

35. Plaintiff Navarrete regularly handled goods in interstate commerce, such as cream cheeses and other supplies produced outside the State of New York.

36. Plaintiff Navarrete's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Navarrete regularly worked in excess of 40 hours per week.

38. From approximately August 2014 until on or about April 2016, Plaintiff Navarrete worked from approximately 7:00 p.m. until on or about 7:00 a.m., 6 days per week (typically 72 hours per week).

39. From approximately May 2016 until on or about March 2020, Plaintiff Navarrete worked from approximately 3:00 p.m. until on or about 1:00 a.m., 6 days per week (typically 60 hours per week).

40. At all times during his employment with Defendants, Defendants paid Plaintiff Navarrete's wages in cash.

41. From approximately August 2014 until on or about March 2017, Defendants paid Plaintiff Navarrete a fixed salary of $500 per week.

42. From approximately April 2017 until on or about March 2020, Defendants paid Plaintiff Navarrete a fixed salary of $600 per week.

43. Defendants never granted Plaintiff Navarrete any breaks or meal periods of any kind.

44. Plaintiff Navarrete as not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45. From approximately August 2014 until on or about March 2020, Defendants did not provide Plaintiff Navarrete an accurate statement of wages, as required by NYLL 195(3).

46. In fact, Defendants adjusted Plaintiff Navarrete's paystubs so that they reflected inaccurate wages and hours worked.

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Navarrete (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

48. Plaintiff Navarrete was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

50. At no time did Defendants use a punch card or any other time keeping system to keep track of the hours Plaintiff Navarrete and other employees worked.

51. Defendants paid Plaintiff Navarrete entirely in cash.

52. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Navarrete (and similarly situated individuals) worked, and to avoid paying Plaintiff Navarrete properly for his full hours worked.

53. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

54. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Navarrete and other similarly situated former workers.

55. Defendants failed to provide Plaintiff Navarrete and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

56. Defendants failed to provide Plaintiff Navarrete and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

57. Plaintiff Navarrete brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58. At all relevant times, Plaintiff Navarrete and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

59. The claims of Plaintiff Navarrete stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff Navarrete's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Navarrete (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

64. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Navarrete (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65. Defendants' failure to pay Plaintiff Navarrete (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Navarrete's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Navarrete (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Navarrete (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Navarrete (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Navarrete (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

73. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to pay Plaintiff Navarrete one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Navarrete's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

75. Defendants' failure to pay Plaintiff Navarrete an additional hour's pay for each day Plaintiff Navarrete's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

76. Plaintiff Laurean was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.   Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

78.   At all times relevant to this action, Defendants were Plaintiff Navarrete's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Navarrete, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.   Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Navarrete less than the minimum wage.

80.   Defendants' failure to pay Plaintiff Navarrete the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.   Plaintiff Navarrete was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

82.   Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

83.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Navarrete overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Navarrete overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Navarrete was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

86. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants failed to pay Plaintiff Navarrete one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Navarrete's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

88. Defendants' failure to pay Plaintiff Navarrete an additional hour's pay for each day Plaintiff Navarrete's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

89. Plaintiff Navarrete was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

90. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff Navarrete with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92. Defendants are liable to Plaintiff Navarrete in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

93. Plaintiff Navarrete repeats and realleges all paragraphs above as though fully set forth herein.

94. With each payment of wages, Defendants failed to provide Plaintiff Navarrete with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95. Defendants are liable to Plaintiff Navarrete in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Navarrete respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Navarrete and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Navarrete and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Navarrete's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Navarrete and the FLSA Class members;

(f) Awarding Plaintiff Navarrete and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Navarrete and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaidminimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Navarrete;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Navarrete;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Navarrete;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Navarrete's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Navarrete;

(m)     Awarding Plaintiff Navarrete damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Navarrete damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Navarrete liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Navarrete and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Navarrete and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Navarrete demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 18, 2020

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By:      /s/ Michael Faillace
                                              Michael Faillace [MF-8436]
                                              60 East 42nd Street, Suite 4510
                                              New York, New York 10165
                                              Telephone: (212) 317-1200
                                              Facsimile: (212) 317-1620
                                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

August 7, 2020

BY ELECTRONIC SIGNATURE

TO:　　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　Miguel Navarrete

Legal Representative / Abogado:　　Michael Faillace & Associates, P.C.

Signature / Firma:　　　　　　　　_Miguel Navarrete_ (signed)

Date / Fecha:　　　　　　　　　　7 de Agosto 2020