UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MIGUEL NAVARRETE et al.,                                                :
                                                                        :
                                Plaintiffs,                             :
                                                                        :       20-CV-6775 (JMF)
        -v-                                                             :
                                                                        :       ORDER
CRYSTAL DELI INC. et al.,                                               :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Trial in this matter, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, is scheduled for **January 11, 2022**. *See* ECF No. 76. On December 13, 2021, the due date for pretrial submissions, the parties sought a two-week extension citing the fact that they were in settlement negotiations. *See* ECF No. 77. The Court granted the extension but admonished the parties that requests for extensions must be filed at least forty-eight hours before the relevant deadline and warned the parties that "the deadline [would] not be extended again." ECF No. 78. Notwithstanding the Court's admonition and warning, on December 27, 2021 — the new due date for pretrial materials — the parties filed a letter advising that they had reached a settlement and, on that basis, seeking yet another extension of the pretrial-materials deadline and a stay of "all" other deadlines. ECF No. 79.

      Given that there is a trial date (*and* given that jury trials are especially difficult to schedule at the moment due to the COVID-19 pandemic), the parties' request for an extension and stay is DENIED, except that, as a courtesy, the parties are granted until **January 6, 2022**, at **5 p.m.** to do one of the following:

(1) file their pretrial materials in accordance with the Court's Individual Rules and Practices;

(2) file their settlement agreement along with a joint letter explaining the basis for the proposed settlement and why, if parties contemplate dismissal under Rule 41 of the Federal Rules of Civil Procedure, it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); or

(3) file an accepted offer of judgment pursuant to Rule 68(a) of Federal Rules of Civil Procedure — which does not require judicial approval. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

Any letter addressing the fairness and reasonableness of the settlement should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

**To repeat: The January 11, 2022 trial date remains in effect unless and until the Court orders otherwise.  No extensions of the January 6, 2022 deadline will be granted.**

SO ORDERED.

Dated: January 3, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge