UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MIGUEL NAVARRETE, *individually and on behalf of* :
*others similarly situated*, :
: 20-CV-6775 (JMF)
Plaintiff, :
: ORDER APPROVING
-v- : SETTLEMENT
:
CRYSTAL DELI INC. et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 79. By Order entered January 3, 2022, ECF No. 80, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

  The Court, having reviewed the parties' letter, dated January 6, 2022, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (observing that the fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

  The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

  In addition, Plaintiff seeks approval of $22,224.80 in attorney's fees and costs. *See* ECF No. 81. Although the proposed award of attorney's fees is high relative to the size of the lodestar and Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney. *See Picerni v. Bilingual Seit & Preschool*

*Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here. The Court intimates no view on the reasonableness of counsel's hourly rates.

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: January 7, 2022
      New York, New York

                                       JESSE M. FURMAN
                                  United States District Judge